**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JUDE A.,

Petitioner,

v.

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondent.

Civil File No. 26-CV-3852 (MJD/DTS)

**ORDER**

---

Petitioner Jude A. is currently in detention subject to proceedings in which it will be determined whether Petitioner should be removed from the United States; a removal order was recently entered against Petitioner, but it does not appear that the order has yet become administratively final. Petitioner, acting pro se, has filed a petition for a writ of habeas corpus challenging his detention. The Court has conducted a review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As

[1] The habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. See Rule 1(b).

a result of that review, the Court concludes that the habeas petition must be denied without prejudice and this matter dismissed.

Petitioner presents two claims for relief in his habeas petition. The first claim is that Petitioner does not believe that his physical and mental health needs are being adequately addressed at the facility where he is being detained and that those needs could be better treated if he were to be released. This is not a claim that the Petitioner's detention is unlawful, only that the conditions of the Petitioner's confinement are inadequate or inappropriate. A habeas petition, however, is not the appropriate procedural vehicle through which to present such a conditions-of-confinement claim. See Spencer v. Haynes, 774 F.3d 467, 469 (8th Cir. 2014). Rather, a litigant must seek relief from unlawful conditions by suing the person or persons responsible for those conditions, and the remedy for these claims are vindicated is alleviation of the unlawful conditions or monetary damages, not release from custody.

Petitioner's second claim is that he does not believe that he should be removed from the United States. Whatever the merits of that argument, claims related to the legality of removal orders or the decision of the government to commence removal proceedings fall outside the jurisdiction of federal district

courts. See 8 U.S.C. § 1252(g). This is simply not the appropriate venue in which to seek relief on the basis that a person should not be removed from the country.

Although it is difficult to say for sure, it appears that Petitioner may have been intending to initiate an appeal before the Board of Immigration Appeals ("BIA"), not seek habeas relief from a federal district court. Included in the documents submitted to the Court is a notice of appeal used to commence proceedings before the BIA [Docket No. 1-1 at 23-29] and a request for a fee waiver from the BIA [Docket No. 1-1 at 21-22]. The electronic docket maintained by the BIA does not reflect an appeal having yet been filed by Petitioner with respect to the order of removal recently entered against him. Out of caution, the Court will direct that the documents submitted by Petitioner be forwarded to the BIA for consideration of whether to regard Petitioner's filing as a notice of appeal and, if so, for consideration of whether Petitioner is entitled to equitable tolling of the appeal deadline due to the documents having been submitted to the wrong court.[2]

---

[2] It may be that Petitioner has already filed an appeal with the BIA and that the docket simply does not yet reflect the appeal having been filed. See Petition at 5 [Docket No. 1]. If so, then the forwarded documents are superfluous of the already filed appeal and can be disregarded.

Insofar as Petitioner seeks relief from this Court, however, he does so on grounds that fall outside of the Court's authority to consider on habeas review—specifically, the conditions of Petitioner's confinement and the lawfulness of the removal proceedings against him. Because habeas relief is not available to Petitioner on those grounds, the habeas petition will be denied without prejudice and this matter dismissed. Because the habeas petition is being denied without prejudice, Petitioner's pending application to proceed in forma pauperis will be denied as well. See Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The petition for a writ of habeas corpus of petitioner Jude A. **[Docket No. 1]** is **DENIED**;

2. This case is **DISMISSED without prejudice;**

3. Petitioner's application to proceed in forma pauperis **[Docket No. 2]** is **DENIED**; and

4. The Clerk of Court is directed to send a copy of the exhibit **[Docket No. 1-1]** submitted by Petitioner, along with a copy of this order, to the following address:

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 4, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court